IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **NATKAI AKBAR**, on behalf of herself and others similarly situated,<br>　　　　　Plaintiffs,<br><br>　v.<br><br>**LAW OFFICES OF**<br>**SHAPIRO & BURSON, LLP**,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:11-cv-1195<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26(A), Plaintiff Natkai Akbar ("Plaintiff") and Defendant Shapiro & Burson, LLP ("Defendant") submits a Proposed Discovery Plan. Pursuant to Fed. R. Civ. P. 26(f), the parties conferred on March 28, 2012, to formulate a Discovery Plan.

**I.　Class Certification**:

1.　If any portion of the Defendant's pending motion to dismiss is denied regarding the class claims, the Plaintiff will file her motion for Class Certification by June 15, 2011.

**II.　Discovery:**

1.　<u>Conclusion of Discovery</u>.　Discovery will be concluded by August 17, 2012.

2.　<u>Initial Disclosures</u>. All Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by April 18, 2012.

3.　<u>Claims, Defenses and Settlement</u>.　The parties have conferred as to the nature and basis of their claims.　The parties believe that settlement is likely at this time, and may be best suited for global discussions.　Defendant consents to transfer of this case, such consent having

been filed with the court, and reserves the right to object to consolidation.

4. <u>Discovery Schedule</u>. The parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery. Accordingly, all requests for written discovery should be served so that answers thereto shall be due to be served not later than the discovery cut- off date.

5. <u>Service of Papers and Pleadings</u>. The parties agree to accept service of any non-ECF pleadings and papers by email in .pdf format upon counsel of record, with an additional copy served via First-Class United States mail.

6. <u>Discovery of Electronically Stored Information</u>. The parties agree to work in good faith to coordinate the manner in which ESI is to be produced.

7. <u>Privileged or Protected Materials</u>. The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

8. <u>Protective Orders</u>. Counsel agree to discuss entry of a stipulated protective order.

9. <u>Filings Under Seal</u>. The parties recognize that filings under seal are disfavored and discouraged, See *Va. Dep 't of State Police v. Washington Post*, 386 F.3d 567, 575-576 (4th Cir. 2004). Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court. The motion must state

sufficient facts supporting the action sought, and each proposed order must include specific findings.

10. Expert Discovery,

   a. The parties agree that expert discovery is necessary. The party with the burden of proof as to any issue shall make its expert disclosures by **June 8, 2012**. Responding disclosures are due **July 6, 2012**. To the extent they are necessary, rebuttal disclosures are due **August 3, 2012**.

11. Subjects of Discovery. The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules.

12. Trial by Magistrate. The Plaintiff has consented that all proceedings, including trial, shall be conducted before the United States Magistrate Judge. The Defendant does not consent to trial before the United States Magistrate Judge.

13. Chambers Copies of Motions. A paper copy of any non-dispositive motion and all papers relating to the motion shall be delivered directly to the chambers of the undersigned judge or magistrate judge upon filing. *See* ECF Policies and Procedures, Alexandria Courtesy Copy Information.

14. Motions Procedures.

   a. All motions, except for summary judgment, shall be noticed for a hearing on the earliest possible Friday before the Final Pretrial Conference on_____. Ten working days' notice is required for motions to dismiss, for summary judgment and for judgment on the pleadings. A non-dispositive motion must be filed 5:00 p.m. the. Friday before the Friday for which it is noticed, with a response due by 5:00 p.m. the Wednesday

3

before the hearing. All motions must contain a statement that a good faith effort to narrow areas of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.

      b.     If the filing of an amended pleading results in additional motions pursuant to Fed. R. Civ. P. 12, all such Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained. All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

      c.     All motions must adhere to the page limits set in Local Civil Rule 7(F)(3). No pleading shall be in type less than ten (10) pitch or twelve (12) point font.

15.    <u>Filing of Certain Materials</u>. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, request for documents and admissions, and answers thereto shall not be filed except on order of the Court, or for use in a motion or at trial.

16.    <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations</u>. The parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court on or before the Final Pretrial Conference. Objections to exhibits will be filed within 10 days after the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

17.    <u>Jury Instructions and Voir Dire</u>. In the event this case is tried before a jury, each party shall proceed in accordance with Local Civil Rules concerning jury instructions and objections.

    The parties respectfully request that the Court adopt this Discovery Plan.

**SO STIPULATED**

Dated:  March 30, 2011.

| SHAPIRO & BURSON, LLP | NATKAI AKBAR |
|---|---|
| /s/   Ethan G. Ostroff<br>John C. Lynch, Esq. (VSB No. 39267)<br>Ethan G. Ostroff, Esq. (VSB No. 71610)<br>Troutman Sanders LLP<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, Virginia 23462<br>Telephone: (757) 687-7541<br>Facsimile: (757) 687-1541<br>E-mail: ethan.ostroff@troutmansanders.com<br>Co-Counsel for Defendant(s) | /s/     Kristi C. Kelly<br>Kristi Cahoon Kelly, VSB # 72791<br>Surovell Isaacs Petersen & Levy, PLC<br>4010 University Drive, Suite 200<br>Fairfax, VA 22030<br>Tel: (703) 277-9774<br>Fax: (703) 591-9285<br>kkelly@siplfirm.com |
| Bizhan Beiramee, Esq., (VSB # 50918)<br>Beiramee & Cohen, P.C.<br>6663 B Old Dominion  Drive,<br>Third Floor<br>McLean, Virginia 22101<br>Phone: (703) 483-9600; Fax:  (703) 483-9599<br>Email: bbeiramee@beiramee.com<br>Counsel for the Defendant | Matthew J. Erausquin (VSB # 65434)<br>Leonard A. Bennett (VSB #37523)<br>Susan M. Rotkis (VSB #40693)<br>Consumer Litigation Associates<br>1800 Diagonal Road, Suite 600<br>Alexandria, VA 22314<br>Phone: (703) 273-7770<br>Fax:    (888) 892-3512<br>matt@clalegal.com<br>lenbennett@clalegal.com<br>srotkis@clalegal.com |
| | Dale W. Pittman, VSB #15673<br>The Law Office of Dale W. Pittman, P.C.<br>The Eliza Spotswood House<br>112-A West Tabb Street<br>Petersburg, VA 23803<br>Tel: (804) 861-6000<br>Fax: (804) 861-3368<br>dale@pittmanlawoffice.com<br>Counsel for the Plaintiff |

Case 4:12-cv-00053-AWA-TEM   Document 19   Filed 03/30/12   Page 6 of 7 PageID# 91

**CERTIFICATE OF SERVICE**

      I hereby certify that on this _____th day of August, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

WELLS FARGO BANK, NATIONAL ASSOCIATION

Terry C. Frank
Kaufman & Canoles, P.C.
Three James Center, 12th Floor
1051 E. Cary St.
Richmond, VA 23219
T (804) 771.5745
F (804) 771.5777
tcfrank@kaufcan.com
*Counsel for Defendant*

                                                /s/ _____
                                                Susan M. Rotkis (VSB #40693)
                                                CONSUMER LITIGATION
                                                ASSOCIATES, P.C.
                                                12515 Warwick Boulevard, Suite 201
                                                Newport News, Virginia 23606
                                                Telephone: (757) 930-3660
                                                Facsimile: (757) 930-3662
                                                srotkis@clalegal.com

11235308-4